

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# Jean-Pierre v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jean-Pierre v. Atty Gen USA" (2006). *2006 Decisions.* Paper 894.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/894

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4481
_____

AMOS JEAN-PIERRE,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A28 848 991
on September 6, 2005
Immigration Judge: Grace A. Sease

_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2006

Before:   BARRY, CHAGARES AND COWEN, <u>Circuit Judges</u>.

(Filed: June 14, 2006 )

_____

OPINION
_____

PER CURIAM

        Amos Jean-Pierre, proceeding <u>pro</u> <u>se</u>, petitions for review of an order of the Board

of Immigration Appeals (BIA), dismissing his appeal from an Immigration Judge's order of removal. We will deny the petition.

Jean-Pierre is a native and citizen of Haiti. He entered the United States in 1984 and overstayed. He was issued a Notice to Appear in 2003, charging him with being removable for having overstayed his visa, for having been convicted of two or more crimes involving moral turpitude, and for having been convicted of a controlled substance violation. In February 2005, he applied for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Jean-Pierre's claims for relief were based on his status as an HIV-positive man who would be perceived to be a homosexual in Haiti, and his fear of his ex-wife's family, who had threatened to kill him. An Immigration Judge (IJ) found him removable as charged. The IJ found that his asylum claim was untimely and that he did not meet any exception for timely filing, but considered his other applications for relief.

In support of his applications, Jean-Pierre claimed that he would be persecuted because of his HIV-positive status, and because he would be perceived to be a homosexual. He stated that he would be killed if others learned of his status, and that he did not believe there was any medication available in Haiti for those who are HIV-positive. He also testified that he will be imprisoned as a criminal deportee and tortured if returned to Haiti. He has heard that one needs $3000 Haitian dollars to get out of prison, and his family has no money.

As to the HIV claim, the IJ doubted that Jean-Pierre could claim that he was a

2

member of a particular social group based on the claim, and noted that there were treatment programs available in Haiti for people who are HIV-positive. The IJ denied his CAT claim, based on Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005).[1]

The Board of Immigration Appeals (BIA) affirmed. The BIA agreed that Jean-Pierre's asylum claim was time-barred, and that there were no changed circumstances to excuse the untimeliness.[2] The BIA noted that even if the claim were timely, Jean-Pierre had not shown he was a member of a protected social group, as the record contained insufficient evidence to show that Jean-Pierre would be subject to persecution, rather than discrimination, on account of his medical status. The BIA also affirmed the finding that Jean-Pierre failed to sustain his burden for withholding of deportation, citing Auguste, and that he failed to show that he would face "torture," as defined by regulation.

Because Jean-Pierre is considered a "criminal alien," our jurisdiction is limited to review of constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(C) & (D); see also Kamara v. U.S. Attorney General, 420 F.3d 202, 209-211 (3d Cir. 2005). "We have no jurisdiction to opine as to whether, as a factual matter, Petitioner is likely to be persecuted upon his return to [Haiti]." Ilchuk v. Attorney General, 434 F.3d 618, 624 (3d

---

[1] The IJ also denied relief on the basis of Jean-Pierre's fear of his ex-wife's family. Jean-Pierre does not pursue that claim in his brief, so we need not discuss it here. We note that while the IJ made an adverse credibility finding with respect to Jean-Pierre's testimony regarding his fear of his ex-wife's family, the IJ did not question his credibility with respect to his other claims.

[2] Jean-Pierre argued that he was unaware of his HIV-positive status until after one year had passed; however, the IJ noted that he learned of his HIV status before moving to Philadelphia in 1995; thus, he knew of his status ten years before he filed for asylum.

3

Cir. 2006). We thus review here only whether the BIA committed any constitutional or legal error in denying Jean-Pierre's application for withholding of removal or protection under the CAT.[3]

To be entitled to withholding of removal, an applicant must prove that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). "To meet this test, the alien must demonstrate that there is a greater-than-fifty-percent chance of persecution upon his or her return." Senathiraja v. INS, 157 F.3d 210, 215 (3d Cir. 1998). Discrimination alone does not generally rise to the level of persecution, see Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003). To prevail on a claim under the Convention Against Torture an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208. 16(c)(2) (2004).

In discussing his asylum claim, the BIA stated:

We note that while the respondent claims to be the member of a protected social group, we do not believe this to be the case. The record contains insufficient evidence to establish that the respondent's HIV positive status subjects him to persecution in Haiti on account of being a member of a particular social group. The evidence of societal discrimination falls short of that needed to show persecution.

BIA decision at 3. Although this statement was made in the context of reviewing Jean-Pierre's eligibility for asylum, Jean-Pierre was also required to show that he was a

_____

[3] We further lack jurisdiction to review a determination relating to the untimeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (citing 8 U.S.C. §§ 1158(a)(3)).

member of a particular social group in order to be eligible for withholding of removal

The BIA later stated that "[t]he record supports that Immigration Judge's conclusion that the respondent failed to sustain the burden of proof applicable to withholding of deportation." Id. at 4.

We do not find that the BIA made any legal error in determining that Jean-Pierre is not eligible for withholding of removal. Jean-Pierre's imputed status as a homosexual could be the basis for a withholding claim based on membership in a "particular social group." Amanfi v. Ashcroft, 328 F.3d 719, 730 (3d Cir. 2003). Similarly, the Government has recognized that persons with HIV positive status could constitute a "particular social group." Karouni v. Gonzales, 399 F.3d 1163, 1171 (9th Cir. 2005) (citing Memorandum from David A. Martin, INS Office of General Counsel (Feb. 16, 1996), reported in 73 Interpreter Releases 909, 909 (July 8, 1996)). We do not read the BIA decision in this case as precluding the possibility of relief on the basis of imputed homosexuality or HIV-positive status in all cases; rather, we read the decision as finding that Jean-Pierre did not establish that he would be persecuted on either basis if returned to Haiti. Although Jean-Pierre presented evidence of his subjective fear of persecution, he presented very little that would support an objective finding that he would be persecuted if returned to Haiti.[4] Thus, the BIA did not err in reaching its legal conclusion that he had not established a "particular social group" claim.

---

[4] The record contains articles showing that AIDS is a major problem in Haiti, that homosexuality is a taboo subject, and that societal discrimination occurs against homosexuals, but does not include evidence that persons who are HIV-positive and those perceived to be homosexual are persecuted, and not simply discriminated against.

In denying Jean-Pierre's CAT claim, the BIA properly relied on Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005). Under Auguste, "for an act to constitute torture, the actor must not only intend to commit the act but also intend to achieve the consequences of the act." Id. at 153. "The mere fact that the Haitian authorities have knowledge that severe pain and suffering may result by placing detainees in these conditions does not support a finding that the Haitian authorities intend to inflict severe pain and suffering." Id. at 153-54. In other words, by placing a detainee in prison, the Haitian authorities have no specific intent to inflict torture on that individual within the meaning of the CAT. Id. at 154. The court cautioned, however, that it was not adopting "a per se rule that brutal and deplorable prison conditions can never constitute torture." Id. Rather, imprisoning an individual in deplorable conditions can rise to the level of torture if there is evidence of intent to inflict severe pain and suffering on that individual. Id. Our review of the record shows that Jean-Pierre did not submit any evidence that would show the Haitian government's intent to inflict severe pain and suffering.

We find no legal error or constitutional infirmity in the BIA's decision. We will therefore deny the petition for review.